UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| KEVIN DWANE THERIOT, #423068, | ) |
| | ) |
| Plaintiff, | )   Case No. 2:12-cv-200 |
| | ) |
| v. | )   Honorable Robert Holmes Bell |
| | ) |
| WALTER BATES, et al., | )   **OPINION** |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF). In 2002, a Wayne County Circuit Court jury found plaintiff guilty of two counts of first-degree murder and a felony firearm offense. Judge Brian R. Sullivan sentenced plaintiff to two nonparolable life sentences on his murder convictions and a two-year sentence on his felony firearm conviction. *See People v. Theriot*, No. 246023, 2005 WL 378462 (Mich. Ct. App. Feb. 17, 2005). Plaintiff filed this civil lawsuit in May 2012 against Judge Sullivan, a law clerk, a homicide detective, a host of federal employees involved in handling his civil cases (appellate judges, district court judges, magistrate judges, and court clerks), and two attorneys from the Michigan Attorney General's Office who represented a defendant in one of plaintiff's lawsuits. The defendants are:

(1)   Sergeant Walter Bates, Homicide Detective;

(2)   Judge Brian R. Sullivan, Wayne County Circuit Court;

(3) Judicial Law Clerk Michael Rubin, Wayne County Circuit Court;

(4) Judge R. Allan Edgar, United States District Court for the Western District of Michigan;

(5) Magistrate Judge Timothy P. Greeley, United States District Court for the Western District of Michigan;

(6) Clerk of Court Tracey Cordes, United States District Court for the Western District of Michigan;

(7) Michigan Assistant Attorney General Christine Campbell;

(8) Michigan Assistant Attorney General Kevin Thom;

(9) Chief Judge Alice Batchelder, United States Court of Appeals for the Sixth Circuit;

(10) Judge Karen Nelson Moore, United States Court of Appeals for the Sixth Circuit;

(11) Case Manager Roy G. Ford, United States Court of Appeals for the Sixth Circuit;

(12) Senior Judge Cornelia Kennedy, United States Court of Appeals for the Sixth Circuit;

(13) Judge Denise Hood, United States District Court for the Eastern District of Michigan;

(14) Clerk of Court William Suter, United States Supreme Court;

(15) Senior Judge John O'Meara, United States District Court for the Eastern District of Michigan;

(16) Magistrate Judge Paul Komives, United States District Court for the Eastern District of Michigan;

(17) Magistrate Judge R. Stephen Whalen, United States District Court for the Eastern District of Michigan;

    (18)    Deputy Clerk D. Allen, United States District Court for the Eastern District of Michigan; and

    (19)    Deputy Clerk K. Krawczyk, United States District Court for the Eastern District of Michigan.[1]

Plaintiff alleges that defendants' actions violated his rights under the Fourteenth Amendment's Due Process Clause. (docket #1, ID# 2, docket # 6, ID# 19). He sues defendants in their official and individual capacities. (docket # 1, ID#1). He seeks damages of $500,000,000.00, declaratory relief, and an injunction requiring that defendants "issue [a] newspaper article." (docket # 1, ID# 5; docket # 6, ID# 19).

    The court granted plaintiff leave to proceed *in forma pauperis*.[2] (docket # 5). Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). The court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v.*

---

[1] "Dale Police" is listed as a defendant in the caption of plaintiff's amended pleading (docket # 6, ID# 16), but there are no factual allegations made against him. A *pro se* complaint that merely names a person as a defendant without alleging specific conduct by that individual is subject to summary dismissal as frivolous. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *Cameron v. Howes*, No. 1:10-cv-539, 2010 WL 3885271, at * 6 (W.D. Mich. Sept. 28, 2010) (collecting cases).

[2] Although Brian Theriot and Rainah Caldwell are listed in the caption of the complaint as additional plaintiffs, they did not sign the complaint or amended complaint. They are not parties to this lawsuit.

*Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the court will dismiss plaintiff's complaint for failure to state a claim and because plaintiff seeks damages from defendants who are immune from such relief.

### Allegations

In 2002, plaintiff was charged with two counts of first-degree murder and a felony firearm offense. He received a jury trial in Wayne County Circuit Court, with Judge Sullivan presiding. Plaintiff now claims that he was coerced into making an incriminating statement to Detective Bates. Further, he alleges that he "wasn't charged with a[n] actual charge" and that Judge Sullivan "operated without oath of office." He states that the detective, presiding judge, and the prosecuting attorney somehow coerced a witness "to make up a scenario to get [plaintiff] convicted." He complains that Law Clerk Rubin returned affidavits that he recently attempted to file as a challenge to his 2002 convictions.

Plaintiff disagrees with the handling of three civil lawsuits he filed in this court: 2:08-cv-300, 2:09-cv-154, and 2:09-cv-199.

**A.     2:08-cv-300**

On November 12, 2008, plaintiff filed his complaint in case number 2:08-cv-300. On February 26, 2009, Judge Edgar entered judgment dismissing the complaint upon initial screening because it failed to state a claim. The dismissal counts as a strike against plaintiff under the "three strikes" rule of 28 U.S.C. § 1915(g).

### B. 2:09-cv-154

On July 20, 2009, plaintiff filed his complaint in case number 2:09-cv-154. On August 7, 2009, the court dismissed plaintiff's complaint on initial screening for failure to state a claim. The dismissal counts as a strike under 28 U.S.C. § 1915(g).

### C. 2:09-cv-199

On September 15, 2009, plaintiff filed his complaint in case no. 2:09-cv-199. On February 18, 2010, Judge Edgar entered an order dismissing all plaintiff's claims on initial screening other than a First Amendment retaliation claim against defendant Woods. Attorneys Thom and Campbell then appeared for defendant Woods. On July 1, 2010, Magistrate Judge Greeley entered a report and recommendation recommending that plaintiff's motion for a default judgment against Woods be denied. On September 13, 2010, Judge Edgar adopted the report and recommendation, and denied plaintiff's motion. On March 18, 2011, Judge Edgar granted the defendant's motion for summary judgment based on the affirmative defense of plaintiff's failure to exhaust his available administrative remedies, as required by 42 U.S.C. § 1997e(a). *Theriot v. Woods, et al.*, No. 2:09-cv-199, 2011 WL 1004943 (W.D. Mich. Mar. 18, 2011). Plaintiff filed an untimely notice of appeal. His case was assigned to the Sixth Circuit panel of Judges Kennedy, Moore, and Hood. On October 4, 2011, the Sixth Circuit entered an order dismissing plaintiff's appeal for lack of jurisdiction. *Theriot v. Woods, et al.*, No. 11-1889 (6th Cir. Oct. 4, 2011).

Plaintiff now attempts to collaterally attack the judgment entered in case no. 2:09-cv-199 in a variety of ways. He blames the dismissal on "underhanded and devious" orders and unspecified communications from Magistrate Judge Greeley to Assistant Attorney General

Campbell.  He states that Chief Judge Batchelder failed to respond to complaints he made about the handling of case no. 2:09-cv-199 by Judge Edgar, Magistrate Judge Greeley, and Clerk Cordes.  He sent numerous letters to Judges Moore, Kennedy, and Hood, and Case Manager Ford, yet "no one w[ould] acknowledge his claims."  He made an unsuccessful attempt to secure a writ of mandamus from the Supreme Court.  Supreme Court Clerk Suter returned plaintiff's papers and instructed him to cure various defects.  Plaintiff sent letters to judges, magistrate judges, and clerks in the United States District Court for the Eastern District of Michigan asking them to appoint counsel, and they returned his letters.[3]  Plaintiff states that when some of his letters were forwarded to Clerk Cordes, she filed them in the wrong case.

## Discussion

**I.    *Heck* Bar**

All plaintiff's claims under 42 U.S.C. § 1983 stemming from his criminal conviction are barred.  Habeas corpus is the exclusive federal remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  The Supreme Court has held that a civil rights claim that necessarily implies the invalidity of plaintiff's criminal conviction is not cognizable under § 1983 until plaintiff's conviction has been overturned.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction

---

[3]On June 5, 2012, the United States District Court for the Eastern District of Michigan dismissed another civil lawsuit that plaintiff had filed against sixteen individuals.  The dismissal was for failure to state a claim.  It counts as a strike under 28 U.S.C. § 1915(g).  *See Theriot v. Durano*, et al., No. 5:12-cv-11629, 2012 WL 2013093 (E.D. Mich. June 5, 2012).

or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). Plaintiff's criminal convictions have never been overturned. All claims against Judge Sullivan or other state actors that assert or even imply the invalidity of plaintiff's criminal conviction are barred by *Heck*, regardless of the form of relief sought.

**II.     Sovereign Immunity**

Plaintiff's claims for damages against state and federal employees in their official capacities are barred by sovereign immunity.

A.     <u>Federal Employees</u>

An action brought against federal employees in their official capacities is effectively an action against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Such consent may not be implied, but must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992).

Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act "under color of state law." *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Plaintiff is apparently attempting to assert claims against defendants under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). "In the limited settings where *Bivens* does

apply, the implied cause of action is the federal analog to suits brought against state officials under [] 42 U.S.C. § 1983." *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Congress has not waived sovereign immunity for *Bivens* claims against the United States, its agencies, or employees sued in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1352 (6th Cir. 1989). Thus, plaintiff's claims for damages against defendants Edgar, Greeley, Cordes, Batchelder, Moore, Ford, Kennedy, Hood, Suter, O'Meara, Komvies, Whalen, Allen, and Krawczyk in their official capacities are barred by sovereign immunity.

        B.     State Employees

Plaintiff's claims for damages against state employees Sullivan, Rubin, Campbell and Thom in their official capacities are barred by sovereign immunity. Judge Sullivan and Law Clerk Rubin are state employees. *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 760–64 (6th Cir. 2010); *see also Howell v. Muskegon Co. Courts*, No. 2012 WL 1952385, at * 1 (W.D. Mich. May 30, 2012); *Housey ex rel. Housey v. Macomb County*, No. 10-11445, 2012 WL 1694629, at * 9 (E.D. Mich. May 15, 2012). Campbell and Thom are employed by the State of Michigan in the Attorney General's Office, a department of state government. *See* MICH. COMP. LAWS §§ 14.35, 14.41; *see also Hasan-El v. United States*, No. 2:06-cv-264, 2007 WL 1650930, at * 2 (W.D. Mich. June 4, 2007). Reference to the state's immunity from suit as Eleventh Amendment immunity is a "convenient shorthand" for "the sovereign immunity of the States [that] neither derives from, nor is limited by, the terms of the Eleventh Amendment" but is "a fundamental aspect of the sovereignty

which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the convention or certain constitutional Amendments." *Alden v. Maine*, 527 U.S. 706, 712-13 (1999). "Immunity from private suits has long been considered central to sovereign dignity." *Sossaman v. Texas*, 131 S. Ct. 1651, 1657 (2011). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71.

### III. Judicial and Quasi-judicial Immunity

All the appellate judges, trial court judges, and magistrate judges named as defendants are entitled to absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Savoie v. Martin*, 673 F.3d 488, 493 (6th Cir. 2012); *see also Davis v. Mays*, No. 11-6337, 2012 WL 2149751, at * 1 (6th Cir. June 13, 2012). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11; *see Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("This immunity applies even when the judge is accused of acting maliciously and

corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."). Thus, a claim that judges acted "maliciously or corruptly" and in excess of their jurisdiction is insufficient to overcome judicial immunity.[4] *See Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001).

The Supreme Court has made it clear that absolute judicial immunity is overcome "in only two sets of circumstances." *Mireles*, 502 U.S. at 11. First, a judge is not immune for non-judicial actions, *i.e.*, actions not taken in a judicial capacity. *Id.* Second, a judge is not immune for actions, although judicial in nature, done in complete absence of all jurisdiction. *Id.* at 12; *see Savoie v. Martin*, 673 F.3d at 492. In determining whether certain conduct is judicial in nature, the court must adopt a functional approach, asking whether the act is one normally performed by a judge. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see Brookings v. Clunk*, 389 F.3d 614, 617-18 (6th Cir. 2004).

Here, all the actions challenged by plaintiff were judicial in nature. "Paradigmatic judicial acts, or acts that involve resolving disputes between parties who have invoked the jurisdiction of a court, are the touchstone for application of judicial immunity." *Brookings*, 389 F.3d

---

[4]"If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication .... Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226-27 (1988).

at 618. Further, it is pellucid that none of the actions were taken "in complete absence of all jurisdiction." Judge Sullivan clearly had jurisdiction to conduct plaintiff's trial. Michigan's circuit courts have jurisdiction in felony cases. *See Leatherman v. Palmer*, 387 F. App'x 533, 538 (6th Cir. 2010); *McKinnon v. Cook*, No. 11-cv-13280, 2012 WL 680397, at * 1 (E.D. Mich. Feb. 29, 2012). This court had jurisdiction over plaintiff's earlier lawsuits under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The judges on the Sixth Circuit panel acted well within their authority in dismissing plaintiff's appeal for lack of jurisdiction, because he filed an untimely notice of appeal. *See Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 416 (6th Cir. 2010). Plaintiff was not entitled to the appointment of counsel in a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993); *see also Gregg v. SBC/Ameritech*, 321 F. App'x 442, 447 (6th Cir. 2009). He does not have any constitutionally guaranteed right to a response to his letters expressing dissatisfaction with the handling of his lawsuits. *See Theriot v. Durano*, 2012 WL 2013039, at * 3. "[I]ndependent lawsuits against presiding judges are not the appropriate vehicle for disgruntled litigants to obtain a reversal of adverse judgments." *Emerson v. United States*, No. 12-884, 2012 WL 1802514, at * 3 (E.D. La. Apr. 30, 2012) (collecting cases). The court finds that all plaintiff's claims against the appellate judges, trial court judges, and magistrate judges are barred by absolute judicial immunity.

The court clerks, law clerk, and case manager defendants are entitled to absolute quasi-judicial immunity. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). Quasi-judicial

immunity applies to court support personnel because of the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *see Boyd v. Angelica Textile Servs., Inc.*, No. 3:12-334, 2012 WL 2260235, at * 5 n.8 (D.S.C. May 18, 2012) (collecting cases); *Smith v. Laster*, 787 F. Supp. 2d 315, 319 (D. Del. 2011) (same).

### IV. Defendants Campbell and Thom

Plaintiff's purported claims against Attorneys Campbell and Thom are virtually unintelligible. These defendants represented defendant Woods in case no. 2:09-cv-199. Plaintiff alleges that Magistrate Judge Greeley entered an underhanded and devious order, which plaintiff characterizes as an improper *ex parte* communication with Campbell,[5] and complains that Campbell and Thom failed to report the alleged communication to someone. Plaintiff's vague and conclusory allegations are not sufficient to support a claim under section 1983. *See Ashcroft v. Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010).

---

[5] Court orders are a matter of public record. They are not *ex parte* communications. Any order entered by a magistrate judge could have been appealed to the district judge.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court finds that plaintiff's action fails to state a claim and seeks damages against defendants who are immune from such relief.  This case will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal.  Should plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.  Plaintiff has accumulated at least three strikes:  case nos. 2:08-cv-300 (W.D. Mich. Feb. 26, 2009), 2:09-cv-154 (W.D. Mich. Aug. 7, 2009); and 5:12-cv-11629 (E.D. Mich. June 5, 2012).  He is barred from proceeding *in forma pauperis* by the "three-strikes" rule of § 1915(g), and he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: June 29, 2012                                          /s/ Robert Holmes Bell
                                                              ROBERT HOLMES BELL
                                                              UNITED STATES DISTRICT JUDGE